In re C. HORSE FARM, INC. Jointly Administered with: Timothy W. Cole and Margaret Cole, Debtors.

Margaret R. NOONE, individually and as Co-Executrix of the Estate of John J. Noone, Deceased, Plaintiff,

v.

Percy J. COLE and Madelaine W. Cole, Defendants.

Bankruptcy No. 85–02936G.
Adv. No. 85–1038G.

United States Bankruptcy Court, E.D. Pennsylvania.

July 18, 1986.

Desmond J. McTighe, Cheryl L. Young, McTighe, Weiss & Stewart, Norristown, Pa., for plaintiff, Margaret R. Noone, individually and as Co-Executrix of the Estate of John J. Noone, deceased.

Curtis P. Cheyney, III, Kevin Canavan, Swartz, Campbell & Detweiler, Philadelphia, Pa., for defendants, Percy J. Cole and Madelaine W. Cole.

Gary M. Perkiss, Joseph R. Pozzuolo Associates, Philadelphia, Pa., for debtors, Timothy W. Cole and Margaret Cole.

Jonathan Ganz, Pincus, Verlin, Hahn & Reich, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The issue for resolution in this case is whether the recording of two judgment notes given by the debtors to close relatives, one year prior to bankruptcy, may be set aside under Pennsylvania's Fraudulent Conveyance Act, Pa.Stat.Ann. tit. 39, § 357 (Purdon 1954), on the basis that the transfers were made with intent to defraud. For the reasons set forth herein, we conclude that the transfers may be set aside.

The facts of this case are as follows:[1] Margaret N. Cole ("the wife-debtor") is the daughter of the instant plaintiff, Margaret R. Noone ("Noone") and John Noone. Timothy Cole ("the husband-debtor") is the son of Percy Cole and Madelaine Cole, the defendants. The debtors have four adult children.

Shortly prior to his death, John Noone gave a power of attorney to the debtors. After his demise, his widow, Noone, individually and as administratrix of her late husband's estate, commenced suit against the debtors in the United States District Court for the Eastern District of Pennsylvania, alleging the debtors' misappropriation of assets from Noone and the decedent through, *inter alia,* the use of the power of attorney.

During the pendency of the suit in the District Court, before The Honorable Donald W. VanArtsdalen, the debtors transferred a parcel of property owned by them, known as the C. Horse Farm, to their adult children for the consideration of $1.00. The debtors also owned shares of stock in the business operating on the realty under the name of C. Horse Farm, Inc. The debtors contemporaneously transferred all their stock to their children for an additional $1.00. Shortly thereafter the children conveyed the realty to C. Horse Farm, Inc. These conveyances were the subject of another suit by Noone in the United States District Court for the Eastern District of Pennsylvania before Judge VanArtsdalen. In holding in favor of Noone in both actions before him, Judge VanArtsdalen set aside the conveyances as fraudulent.

We expressly find that the debtors and Percy and Madelaine Cole effected the recordation of the judgment notes with actual intent to defraud Noone. We likewise find that the testimony of Percy and Madelaine Cole was devoid of credibility.

Pa.Stat.Ann. tit. 39, § 357 (Purdon 1954), provides as follows:

§ 357. Conveyance made with intent to defraud.

Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

Pa.Stat.Ann. tit. 39, § 357 (Purdon 1954). Proof of fair consideration or solvency of the transferors is necessary under other sections of the Pennsylvania Fraudulent Conveyance Act such as Pa.Stat.Ann. tit. 39, §§ 354, 355. Nonetheless, under § 357 a transfer may be set aside on clear and convincing proof of fraudulent intent as to either present or *future* creditors. Hence, the transfer will be held fraudulent. *U.S. v. Gleneagles Investment Co., Inc.,* 565

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

F.Supp. 556, 580 (M.D.Pa.1983) (emphasis added).

In this case the evidence clearly and convincingly indicates that the debtors and Percy and Madelaine Cole effected the recordation of the notes with intent to defraud Noone. Consequently, the recordation is avoidable under § 357. We will accordingly enter an order setting aside the recordation of the notes.